**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAMUEL L. WARREN and OLANDIS WARREN,** : | **CIVIL ACTION NO. 1:04-CV-2798** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **TOWNSHIP OF DERRY, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 2nd day of May, 2005, upon consideration of the motion to dismiss (Doc. 11) plaintiffs' claims under 42 U.S.C. §§ 1981 and 1985 and under 42 PA. CONS. STAT. § 8309 and state common law against Fox's Foods, Inc., Alan Rehm, and other employees of Fox's Foods, Inc., and it appearing that the complaint alleges that plaintiffs are members of a racial minority (Doc. 1 ¶¶ 4-5), that moving defendants intended to discriminate against plaintiffs based on race (Doc. 1 ¶ 51), and that moving defendants prevented plaintiffs from completing purchases by harassing them and telling them to return items that plaintiffs had placed in a grocery cart in anticipation of purchase (Doc. 1 ¶¶ 21-22),[1] arguably satisfying the *prima facie* elements of an actionable claim of racial discrimination in the making of contracts under 42 U.S.C. § 1981(a), see id. ("All persons within the jurisdiction of

---

[1] The allegations of the complaint are, of course, accepted as true for purposes of this review. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to reasonableness of plaintiffs' allegations.

the United States shall have the same right in every State and Territory to make and enforce contracts."); Brown v. Philip Morris Inc., 250 F.3d 789, 796-98 (3d Cir. 2001) (noting that, to establish a claim under § 1981(a), a plaintiff must show membership in a protected class and interference with contractual rights motivated by discriminatory animus); Mahone v. Waddle, 564 F.2d 1018, 1029 (3d Cir. 1977) (noting that § 1981(a) creates a cause of action against private parties who interfere with contractual relationship); see also Ackerman v. Food-4-Less, No. 98-CV-1011, 1998 WL 316084, at *3 (E.D. Pa. June 10, 1998) (Van Antwerpen, J.) (denying motion to dismiss § 1981 claim against retail store based on racial harassment by employees); see generally Anne-Marie G. Harris, Shopping While Black:  Applying 42 U.S.C. § 1981 to Cases of Consumer Racial Profiling, 23 B.C. THIRD WORLD L.J. 1 (2003), and it further appearing that the complaint alleges that moving defendants contacted municipal officials and "agreed upon a plan to report false retail theft allegations against [p]laintiffs because of [p]laintiffs' race" (Doc. 1 ¶ 27) and that municipal officers accosted and arrested plaintiffs in furtherance of this agreement (Doc. 1 ¶¶ 30-37, 49-50, 53), arguably satisfying the *prima facie* elements of an actionable claim of conspiracy to deny equal protection under 42 U.S.C. § 1985(3), see id. ("If two or more persons . . . conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws . . . [and] cause to be done[] any act in furtherance . . . of such conspiracy, . . . [a] party . . . injured [thereby] may have an action for the recovery of damages . . . against any one or more of the conspirators."); Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (stating that a claim under § 1985(3) requires proof of an agreement between two or

more persons to deprive a person of a federally protected right based on his or her membership in a protected class), and it further appearing that the complaint alleges that moving defendants followed plaintiffs in a public place for the sole and malicious purpose of harassing plaintiffs based on their race (Doc. 1 ¶¶ 20, 51), arguably satisfying the *prima facie* elements of an actionable claim of civil rights violations under 42 PA. CONS. STAT. § 8309(a), see id. ("A person who incurs injury to his person . . . as a result of conduct [constituting the offense of ethnic intimidation] . . . shall have a right of action against the actor . . . ."); see also 18 PA. CONS. STAT. §§ 2709, 2710 (stating that "[a] person commits the offense of ethnic intimidation if, with malicious intention toward the actual or perceived race . . . of another individual[,] . . . he commits" the offense of harassment, defined as "follow[ing a] person in or about a public place" or "engag[ing] in a course of conduct . . . [that] serve[s] no legitimate purpose"), and it further appearing that the complaint alleges that moving defendants conspired with municipal officials for the malicious purpose of effecting plaintiffs' arrest and prosecution for retail theft without probable cause (Doc. 1 ¶¶ 30-37, 43, 49-53), arguably satisfying the *prima facie* elements of actionable state common law tort claims for false imprisonment, assault and battery, intentional infliction of emotional distress, and malicious prosecution, see Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000) (discussing tort of intentional infliction of emotional distress); Renk v. City of Pittsburgh, 641 A.2d 289, 293-94 (Pa. 1994) (discussing torts of assault and battery and false imprisonment); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa.

Super. Ct. 1995) (discussing tort of malicious prosecution); cf. 18 PA. CONS. STAT. § 3929(d) (providing immunity for defendants who detain individuals based on probable cause to believe that the individuals "ha[ve] committed or [are] committing the [offense of] retail theft"), it is hereby ORDERED that the motion to dismiss (Doc. 11) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge