## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL L. WARREN and** | : | **CIVIL ACTION NO. 1:04-CV-2798** |
| **OLANDIS WARREN,** | : | |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **TOWNSHIP OF DERRY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is plaintiffs' motion in limine (Doc. 64), which asks the court to exclude the following evidence at trial: (1) plaintiffs' prior criminal convictions, (2) the value of all items that plaintiffs placed in a grocery cart at Fox's Food Market and the total amount of money that plaintiffs possessed on the date of the incident,[1] and (3) any testimony that a Fox's Food Market employee observed two men matching plaintiffs' descriptions acting suspiciously on the day prior to the incident. For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] Defendants concede that the value of the items in the grocery cart and the amount of money that plaintiffs possessed are not relevant to the claims remaining in the above-captioned case. (Doc. 68 at 13-14.) Accordingly, the court will grant the motion in limine as it pertains to these items of evidence without further discussion.

I.      **<u>Factual Background</u>**[2]

This case involves the response by defendant-police officers to a complaint of

retail theft by employees of Fox's Food Market.  (Doc. 39 ¶¶ 15-17; Doc. 48 ¶¶ 15-17.)

After receiving a radio transmission describing the retail theft suspects, defendant

Officer Kenneth M. Shank ("Officer Shank") observed plaintiffs outside of a

convenience store near Fox's Food Market.  (Doc. 39 ¶¶ 18-20; Doc. 48 ¶¶ 18-20.)

Believing plaintiffs to be the suspects, Officer Shank approached plaintiffs and

asked for their identification.  (Doc. 39 ¶¶ 21, 23-24; Doc. 48 ¶¶ 21, 23-24.)  The

parties dispute what unfolded next; however, it is apparent that plaintiffs' vehicle

was searched and that, at some point, a scuffle ensued.  Plaintiffs were arrested and

charged with retail theft and criminal conspiracy.  (Doc. 39 ¶¶ 26, 37; Doc. 48 ¶¶ 26,

37.)  The charges were ultimately dismissed by District Justice Dominick A. Pelino.

(Doc. 39 ¶ 38; Doc. 48 ¶ 38.)

Plaintiffs subsequently instituted the above-captioned action, alleging that

defendants' conduct violated their civil rights.  (Doc. 1.)  Following the court's

decision on defendants' motion for summary judgment, the following claims

remain:  (1) excessive use of force and unlawful search pursuant to 42 U.S.C. § 1983,

(2) intentional discrimination on the basis of race in violation of 42 U.S.C. § 1981,

(3) assault and battery, and (4) intentional infliction of emotional distress.  (<u>See</u>

Doc. 58.)  A jury trial is scheduled to commence on August 14, 2007.  (<u>See</u> Doc. 61.)

---

[2] A more extensive discussion of the facts of this case is presented in the opinion dated March 20, 2007 (Doc. 58), familiarity with which is presumed.

On June 25, 2007, plaintiffs filed the instant motion.  (Doc. 64.)  The motion requests, *inter alia*, that defendants be precluded from proffering evidence of plaintiffs' prior convictions.  Specifically, plaintiff Olandis Warren ("Olandis") was convicted of theft of property and use of prohibited offensive weapons in 1992 and of retail theft in 1991, 1993, 1994, 1996, and 1999.  (Doc. 67 at 7-9.)  Plaintiff Samuel Warren ("Samuel") was convicted of retail theft in 1988, criminal trespass in 1989, and robbery and theft of leased property in 2006.  (Id.)  The motion has been fully briefed and is ripe for disposition.

## II.    Discussion

### A.    Prior Criminal Convictions

Defendants seek to introduce evidence of plaintiffs' prior criminal convictions for impeachment purposes and as substantive evidence.  (See Doc. 68 at 12.)  Turning first to the issue of impeachment, Federal Rule of Evidence 609 allows the following types of evidence to be admitted for impeachment purposes:

> (1) evidence that a witness . . . has been convicted of a crime . . . if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .
>
> (2) evidence that any witness has been convicted of a crime . . . if it involved dishonesty or false statement, regardless of the punishment.

FED. R. EVID. 609(a).  The admission of such evidence is limited to convictions that occurred within the last ten years unless the court finds that the probative value of an older conviction, as "supported by specific facts and circumstances" surrounding the case, "substantially outweighs its prejudicial effect."  See id. 609(b).

In the matter *sub judice*, Olandis's theft of property and use of prohibited

offensive weapons convictions in 1992 and retail theft convictions in 1991, 1993,

1994, and 1996 are beyond the ten-year limitations period, as are Samuel's retail

theft conviction in 1988 and criminal trespass conviction in 1989.  See id. 609(b).

Defendants have not identified any "specific facts and circumstances" that are

sufficient to necessitate the use of these convictions for impeachment purposes.  Id.

Defendants contend only that plaintiffs' convictions should be admitted because

plaintiffs "are key witnesses" and their "propensity for deceptive and dishonest

conduct has a direct bearing on their credibility."  (See Doc. 68 at 13.)  Such

generalizations apply to nearly every case and do not constitute the type of

"specific, articulated facts" that must be proffered before a conviction that exceeds

the ten-year limitations period may be admitted.  See United States v. D'Agata, 646

F. Supp. 390, 392 (E.D. Pa. 1986) (noting that convictions beyond the ten-year

limitations period should be admitted "very rarely and only in exceptional

circumstances").  Accordingly, the court concludes that the aforementioned

convictions may not be used for impeachment purposes.

Although Samuel's 2006 theft of leased property conviction occurred within

the ten-year limitations period, this conviction was not punishable by

"imprisonment in excess of one year," as required by Federal Rule of Evidence

609(a)(1).  (See Doc. 67 at 7 (discussing the conviction's grading as a misdemeanor)).

 Nor did the conviction involve "an act of dishonesty or false statement," as

required by Federal Rule of Evidence 609(a)(2).  See 18 PA. CONS. STAT. ANN. § 3932

(defining the offense of theft of leased property); <u>see also</u> <u>United States v. Johnson</u>, 388 F.3d 96, 99-100 (3d Cir. 2004) (concluding that theft crimes are generally inadmissible for purposes of impeachment pursuant to Federal Rule of Evidence 609(a)(2)).  Hence, this conviction must also be excluded for impeachment purposes.

However, Samuel's 2006 robbery conviction and Olandis's 1999 retail theft conviction fall squarely within the ambit of Rule 609:  the offenses occurred within the ten-year limitations period and are punishable by a term of imprisonment exceeding one year.  <u>See</u> 18 PA. CONS. STAT. ANN. § 3929 (grading the offense of retail theft as a felony of the third degree when it is "a third or subsequent offense"); <u>see also</u> <u>id.</u> § 3701 (grading the offense of robbery as a felony). Nevertheless, plaintiffs contend that the admission of these convictions would be "far more prejudicial than probative."  (Doc. 67 at 9); <u>see also</u> FED. R. EVID. 403 (permitting exclusion of a conviction where its probative value is "substantially outweighed" by a danger of prejudice, misleading the jury, or confusing the issues).

The very existence of Rule 609 suggests that prior criminal convictions often have probative value.  The rule is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."  <u>Walden v. Georgia-Pacific Corp.</u>, 126 F.3d 506, 523 (3d Cir. 1997) (internal citation omitted).  The rule's purpose is to aid the jury in assessing the credibility of a witness.  <u>Id.</u>  In a case such as this, where many of the relevant facts are contested, witness credibility will play a decisive role in the jury's decision-making process.  Because Samuel's 2006

robbery conviction and Olandis's 1999 retail theft conviction may help the jury to

assess plaintiffs' credibility as witnesses, the probative value of these convictions

cannot be understated.  While having these prior criminal convictions revealed to

the jury may be prejudicial to plaintiffs, *any* evidence that harms a party's case is

prejudicial.  It is only when that prejudice becomes "unfair" that the evidence must

be excluded.  See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 & n.6 (3d Cir.

2002).  The court finds that the use of Samuel's 2006 robbery conviction and

Olandis's 1999 retail theft conviction for impeachment purposes will not be unfairly

prejudicial; any prejudice may be minimized by counsel's examination of plaintiffs

or by a limiting instruction from the court.  See United States v. Sriyuth, 98 F.3d

739, 748 (3d Cir. 1996) (stating that risk of unfair prejudice may be minimized by

instruction from court).  Nor are these prior convictions likely to confuse the

pertinent issues or mislead the jury.  Thus, these convictions are admissible under

Rule 609 for impeachment purposes.

Having found that only two of plaintiffs' convictions are admissible for

impeachment purposes, the court turns to the issue of whether any of plaintiffs'

convictions may be admitted as substantive evidence.  Federal Rule of Evidence 404

provides that evidence of "other crimes, wrongs, or acts" is inadmissible to show

that the witness acted in conformity therewith, but is *admissible* "for other

purposes."  FED. R. EVID. 404(b).  In the instant case, plaintiffs are seeking damages

for emotional distress arising from the incident at issue.  Depending upon the

evidence proffered in support of these damages, evidence of plaintiffs' "other

crimes, wrongs, or acts" could become relevant and admissible.  See Kowalski v.

Gagne, 914 F.2d 299 (1st Cir. 1990) (admitting prior conviction for damages

determination).  The court will address the admissibility of plaintiffs' convictions for

such "other purposes" if or when they become an issue at trial.  See 22 CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 5240 (3d

ed. 1998) (stating that probative value of evidence sought to be admitted under Rule

404(b) must first be weighed for unfair prejudice, confusion of issues, and

misleading of jury under Rule 403).

### B.      Plaintiffs' Presence in Fox's Food Market Prior to Incident

Plaintiffs seek to preclude any testimony that a Fox's Food Market employee

observed two men matching plaintiffs' descriptions acting suspiciously on the day

prior to the incident.  (See Doc. 67 at 12-13.)  Defendants concede that such

evidence "is not directly relevant to the remaining claims and defenses in this case."

(Doc. 68 at 14.)  Nevertheless, defendants seek to introduce such evidence to

impeach plaintiffs should they testify that they had never visited Fox's Food Market

prior to the incident.  (Doc. 68 at 15.)

Even if the proposed testimony were used for such a circumscribed purpose,

the court finds that its limited probative value would be "substantially outweighed"

by the danger of unfair prejudice and confusion of the issues.  See FED. R. EVID. 403.

The remaining claims in the above-captioned action deal only with the verbal and

physical interactions between plaintiffs and defendant-police officers.  Whether

plaintiffs had ever visited Fox's Food Market prior to the incident does not have

"any tendency" to affect the jury's decision regarding these remaining claims.  See

id. 401 (defining relevant evidence as "evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence).  Furthermore,

admitting the testimony at issue could erroneously suggest to the jury that the

legality of plaintiffs' conduct in Fox's Food Market remains an issue to be

determined.  This could confuse the issues and divert the jury's attention from their

task at hand.  See id. 403.  Accordingly, the court will grant plaintiffs' motion in

limine with respect to this evidence.

## III.    Conclusion

For the foregoing reasons, the court will grant plaintiffs' motion in limine

(Doc. 64) in part and deny it in part.  An appropriate order will issue.



                                                S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge


Date:         July 20, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL L. WARREN and** | : | **CIVIL ACTION NO. 1:04-CV-2798** |
| **OLANDIS WARREN,** | : | |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **TOWNSHIP OF DERRY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of July, 2007, upon consideration of plaintiffs'

motion in limine (Doc. 64), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1. The motion in limine (Doc. 64) is GRANTED in part as follows:

   a. Defendants shall not be permitted to introduce evidence of the following criminal convictions for impeachment purposes: plaintiff Samuel Warren's convictions for retail theft in 1988, criminal trespass in 1989, and theft of leased property in 2006 and plaintiff Olandis Warren's convictions for theft of property and use of prohibited offensive weapons in 1992 and retail theft in 1991, 1993, 1994, and 1996. See FED. R. EVID. 609.

   b. Defendants shall not be permitted to introduce evidence of the value of the items that plaintiffs placed in a grocery cart at Fox's Food Market or of the total amount of money that plaintiffs possessed on the date of the incident.

   c. Defendants shall not be permitted to introduce any testimony that a Fox's Food Market employee observed two men matching plaintiffs' descriptions acting suspiciously on the day prior to the incident.

2.    Defendants shall be permitted to request leave during the course of the trial to introduce evidence of plaintiffs' criminal convictions, should such evidence become relevant and admissible during trial.  In the event that such evidence is admitted, the court will provide to the jury limiting instructions for its use.  <u>See</u> FED. R. EVID. 404(b); <u>United States v. Sriyuth</u>, 98 F.3d 739, 748 (3d Cir. 1996).

3.    The motion in limine (Doc. 64) is otherwise DENIED.


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge